# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| JEFF ROBINSON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-2081 |
| | § | |
| BTC CARGO, INC AND | § | |
| RAJAT KUMAR, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Jeff Robinson files this Original Complaint against BTC Cargo, Inc. ("BTC"), a corporation, and Rajat Kumar, an individual, and respectfully alleges as follows:

## I.
## PARTIES

1. Plaintiff Jeff Robinson is an individual and resident of Tarrant County, Texas.

2. Defendant BTC is a California Corporation. Its corporate headquarters are in Bakersfield, California. It may be served with process by and through its registered agent, Inderjit Singh, located at 3701 Wible Road, Apartment 5, Bakersfield, California 93309.

3. Defendant Rajat Kumar is an individual and resident of Hayward, California, who may be served with process at his residence of 1282 Mattox Road, Apartment 34, Hayward, California 94540.

## II.
## JURISIDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 United States Code section 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in the Dallas Division of the Northern District of Texas because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Kaufman County, Texas. Specifically, the motor vehicle collision that is the basis of this suit occurred in Kaufman County, Texas.

## III.
## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## IV.
## FACTS

7. This case arises from a vehicle collision that occurred on August 6, 2020, at approximately 10:12 a.m. on Interstate Highway 20 near the intersection of Wilson Road, in Kaufman County, Texas.

8. At the time of the collision, Defendant Mr. Kumar was operating a tractor-trailer owned by Defendant BTC, which is believed by Plaintiff to be Defendant Mr. Kumar's employer.

9. Defendant BTC entrusted the tractor-trailer involved in this collision to Mr. Kumar.

10. Upon information and belief, Defendant Mr. Kumar was, at all relevant times, an employee, agent, or independent contractor of Defendant BTC, acting within the course and scope of his employment or agent-principal relationship.

11. While Defendant Mr. Kumar was operating Defendant BTC's tractor-trailer, Mr. Kumar followed closely behind Plaintiff Jeff Robinson's vehicle. When Mr. Robinson slowed due to congested traffic ahead of him, Mr. Kumar failed to also control his speed.

12. Because Mr. Kumar was following so closely behind Mr. Robinson and failed to apply the tractor-trailer's brakes in time, the front of BTC's tractor-trailer collided into the back of Mr. Robinson's Kia Optima.

13. The impact pushed Mr. Robinson's vehicle causing Mr. Robinson to lose control and crash into two additional vehicles, finally coming to rest in a ditch.

14. As a result of the collision, Plaintiff suffered injuries and damage to Plaintiff's vehicle. Plaintiff Mr. Robinson has experienced physical pain and suffering and mental anguish in addition to his economic damages, as detailed below.

## V.
## NEGLIGENCE OF DEFENDANT RAJAT KUMAR

15. Defendant Rajat Kumar owed a duty to the public, including Mr. Robinson, to exercise ordinary care in the operation of a motor vehicle on public roadways. He failed to exercise ordinary care and thus breached his duty of care in the following ways:

    a. Failing to keep a safe distance;

    b. Failing to control the tractor-trailer's speed;

    c. Failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    d. Failing to properly and timely apply the tractor-trailer's brakes to avoid the collision referenced above;

    e. Failing to take proper evasive measures to avoid the collision referenced above;

  f.  Driving in a reckless manner;

  g.  Driver inattention;

  e.  Upon information and belief, driving while distracted; and

  f.  Failure to give proper warning upon an impending collision.

16. Defendant Mr. Kumar's failure to exercise ordinary care proximately caused Plaintiff's injuries.

## VI.
## NEGLIGENCE PER SE OF DEFENDANT RAJAT KUMAR

17. For the reasons stated above, Defendant Mr. Kumar recklessly drove a vehicle in willful or wanton disregard for the safety of persons or property. Specifically, Defendant violated the following statutes:

  a. In failing to control speed. Tex. Transp. Code Ann. § 545.351;

  b. In failing to keep a safe following distance. Tex. Transp. Code Ann. § 545.062; and

  c. In driving in a reckless manner.  Tex. Transp. Code Ann. § 545.401.

18. Such acts and/or omissions constitute negligence per se. This negligence per se proximately caused Plaintiff's injuries.

## VII.
## RESPONDEAT SUPERIOR

19. Defendant BTC is responsible for the actions of Mr. Kumar under the doctrine of *respondeat superior*. Plaintiff was injured due to the negligence, negligence per se, and gross negligence of BTC's employee or agent, Mr. Kumar. Upon information and belief, Mr. Kumar was a BTC employee acting in the course and scope of employment when the above-described acts and/or omissions were committed.

## VIII.
## NEGLIGENT ENTRUSTMENT BY BTC

20. The occurrence made the basis of this suit, referred to above, and the resulting damages were proximately caused by the negligent conduct of Defendant Mr. Kumar, acting in the course and scope of employment and on behalf of BTC. On the occasion in question:

   a. Upon information and belief, Defendant BTC was the owner of the tractor-trailer operated by Defendant Mr. Kumar on the date of the incident;

   b. Defendant BTC entrusted the tractor-trailer to Mr. Kumar as a reckless or incompetent driver;

   c. Defendant Mr. Kumar was negligent on the date of the incident; and

   d. Defendant Mr. Kumar's negligence was the proximate cause of Plaintiff's injuries and damages.

## IX.
## NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

21. *Negligent Hiring*. Defendant BTC had a duty to hire competent employees. Upon information and belief, Defendant BTC breached that duty by hiring Defendant Mr. Kumar, due to inadequate screening measures and/or because Defendant Mr. Kumar was an incompetent or unqualified driver. Upon information and belief, Defendant BTC's failure to perform adequate pre-employment screening measures and hiring practices and/or its hiring of an incompetent or unqualified driver proximately caused Plaintiff's injuries. Furthermore, Plaintiff's injuries are a harm of the type for which the law permits recovery.

22. *Negligent Training*. Defendant BTC had a duty to train competent employees. Upon information and belief, Defendant BTC breached that duty by failing to train, or by inadequately training Defendant Mr. Kumar. Upon information and belief, Defendant BTC's

training practices as they relate to Defendant Mr. Kumar fell below the standard that a reasonably prudent trucking/transportation/distribution company would have maintained. Upon information and belief, this breach of BTC's duty to train competent employees proximately caused Plaintiff's injuries and damages.

23. *Negligent Supervision*. Defendant BTC had a duty to supervise its employees. Upon information and belief, Defendant BTC breached that duty by failing to supervise, or by inadequately supervising Defendant Mr. Kumar. Upon information and belief, Defendant BTC's supervision as it related to Defendant Mr. Kumar fell below the standard that a reasonably prudent trucking, transportation, or distribution company would have maintained. Upon information and belief, this breach of BTC's duty to supervise Defendant Mr. Kumar proximately caused Plaintiff's injuries and damages.

24. *Negligent Retention*. Defendant BTC had a duty to retain competent employees. Upon information and belief, Defendant BTC breached that duty by retaining Defendant Mr. Kumar, an incompetent and/or unqualified driver. Upon information and belief, Defendant BTC's retention practices, as they relate to Defendant Mr. Kumar, fell below the standard that a reasonably prudent trucking, transportation, or distribution company would have maintained. Upon information and belief, this breach of BTC's duty to retain competent employees proximately caused Plaintiff's injuries and damages.

## X.
## GROSS NEGLIGENCE OF DEFENDANTS

25. As stated previously, Defendant Mr. Kumar had a duty to exercise ordinary care in the operation of a motor vehicle. Defendant BTC owed a duty to exercise ordinary care in its hiring, supervision, training, and retention of employees and in the entrustment of its tractor-trailer. For the reasons set forth above, Defendant Mr. Kumar recklessly drove a vehicle in willful or

wanton disregard for the safety of persons or property. Such acts or omissions constitute gross negligence.

26. The acts and/or omissions of the Defendants, when viewed objectively from Defendants' standpoint at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others. Further, Defendants had actual, subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, including the public and Plaintiff.

27. This willful or wanton disregard for the safety of persons or property proximately caused Plaintiff's injuries. Thus, the Defendants are liable for gross negligence and exemplary damages.

28. Additionally, for the reasons stated above as they relate to negligent hiring, retention, supervision, and training, and the negligent entrustment of a vehicle to Defendant Mr. Kumar, Plaintiff alleges that Defendant BTC is also liable for gross negligence and exemplary damages, as further detailed above.

## XI.
## DAMAGES

29. Plaintiff Jeff Robinson sustained injuries in the collision referenced above as a direct and proximate result of Defendants' acts and omissions.

30. As a direct and proximate result of the occurrence made the basis of this lawsuit, Mr. Robinson has incurred the following damages:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c. Physical pain, suffering, and mental anguish in the past and future;

d. Physical impairment in the past and future;

e. Physical disfigurement experienced in the past and that, in all reasonable probability, will be experienced by Plaintiff in the future;

f. Property damage;

g. Loss of consortium;

h. Loss of enjoyment of life;

i. Loss of household services in the past and which will, in all reasonable probability, be incurred in the future;

j. Loss of wages in the past;

k. Loss of wages that will, in all reasonable probability, be incurred in the future;

l. Loss of earnings and earning capacity in the past;

m. Loss of earnings and earning capacity which will, in all reasonable probability, be incurred in the future; and

n. Exemplary damages.

31. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief greater than $250,000, but not more than $1,000,000.

32. By the reasons stated above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XII.
## JURY DEMAND

33. Plaintiff requests his right to a jury trial afforded by the Texas Constitution and the United States Constitution. Plaintiff has tendered, or will tender, the requisite fee to the District Clerk.

## XIII.
## PRAYER

34. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may show himself to be entitled by law or in equity.

Respectfully submitted,

*/s Kim Jones Penepacker*
KIM JONES PENEPACKER
State Bar No. 24101976
Kim@thetexaslawdog.com
MATTHEW E. AUSLBROOK
State Bar No. 24093880
Matt@thetexaslawdog.com

**AULSBROOK LAW FIRM, PLLC**
420 E. Lamar Blvd., Ste. 110
Arlington, Texas 76011
Tel. 817.775.5364
Fax 817.381.5892
**ATTORNEYS FOR PLAINTIFF**